**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **MARIA ANITA NICHOLSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO 07-0496-KD-M** |
| | ) | |
| **CITY OF DAPHNE, ALABAMA, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

This matter is before the court on plaintiff's motion for leave to file an amended complaint (docs. 30, 31).  Upon consideration of the pleadings and for the reasons set forth herein, plaintiff's motion for leave is **GRANTED**.   Plaintiff is ordered to file her amended complaint on or before **June 13, 2008**.

Plaintiff seeks to amend her complaint to add a count for retaliation and to add Captain Scott Taylor as a defendant.   Defendants argue that the events alleged in the second amended complaint are time-barred under federal law because they occurred more than 180 days from the date of the motion for leave to amend.  Defendants also argue without elaboration that to allow the amendment would be prejudicial to plaintiffs.

Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. Rule 15(a); Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001).  Under Rule 15(a), "district courts should generously allow amendments ...." Williams v. Board of Regents, 2007 WL 431047 at *5 n.6 (11th Cir. 2007).  The Supreme Court has held that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject for relief, he ought to be afforded an opportunity to test his claim on the merits." Foman v. Davis, 371 U.S. 178, 182, 83

S.Ct. 227 (1962).   However, the decision whether to grant leave to amend a complaint is within

the sole discretion of the district court. Laurie v. Alabama Ct. of Crim. App., 256 F.3d 1266,

1274 (11th Cir. 2001).  But, in exercising that discretion, the court must have a substantial reason

to deny a motion to amend. Laurie, 256 F.3d at 1274.  Substantial reasons justifying a denial

include "undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to

cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by

virtue of allowance of the amendment, [and] futility of the amendment." Foman, 371 U.S. at 182,

83 S.Ct. 227; see also Hargett v. Valley Fed. Savings Bank, 60 F.3d 754, 761 (11th Cir. 1995);

Florida Power & Light Co. v. Allis Chalmers Corp., 85 F.3d 1514, 1520 (11th Cir. 1996)

("Unless substantial reason exists to deny leave to amend, the discretion of the district court is

not broad enough to permit denial.")

        Review of the pleadings and documents, indicate that none of the substantial reasons for

denying a motion to amend appear to exist at this time.  Plaintiff filed her motion to amend only

one day beyond the deadline set in the Rule 16(b) Scheduling Order which does not

automatically constitute undue delay or reveal dilatory motive.  Also, there has been no showing

of bad faith on plaintiff's part.  Defendant argues that it will be prejudiced by allowing an

amendment at this late date.  However, the discovery deadline is August 8, 2008 and this matter

is set for pretrial conference on December 4, 2008.

        That being said, the court must also consider whether amending the complaint to add a

retaliation claim and Captain Taylor as the alleged person who has retaliated against plaintiff

would be futile as barred by the 180 day limitation period.  In plaintiff's first amended complaint

and original complaint, she stated that she filed an Equal Employment Opportunity Commission

charge on April 4, 2006, received her right to sue letter on April 8, 2007, and sometime thereafter filed an "amended charge of continuing retaliation . . .  within 180 days of the commission of the final act of retaliation and a notification was issued".  Defendants do not dispute that plaintiff filed these charges.

The court does not have copies of plaintiff's charge to review in order to determine whether her claim for retaliation may grow out of her earlier charge and thus not be time barred.  See Gregory v. Georgia Department of Human Resources, 355 F.3d 1277, 1280-1281 (11th Cir. 2004) (finding that "the scope of an EEOC complaint should not be strictly interpreted" and that the parameters of the investigation will hold plaintiff's claims to those which "can reasonably be expected to grow out of the charge of discrimination") (citations omitted); see also Streeter v. City of Pensacola, 2007 WL 4468705, 3 (N.D. Fla. 2007).  Thus, the court cannot make a determination that the amendment is futile.

**DONE** and **ORDERED** this the 9th day of June, 2008.


 **s / Kristi K. DuBose**
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**