IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MARIE ANITA NICHOLSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CIVIL ACTION 07-0496-WS-M |
| ) | |
| **CITY OF DAPHNE, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**ORDER**

This matter is before the Court on the defendants' motions to reconsider. (Docs. 121, 128). The motions note that the Court denied the defendants summary judgment with respect to the plaintiff's claim under 42 U.S.C. § 1986 on the grounds that the defendants had not addressed the claim. The motions correctly point out that the defendants did in fact address the Section 1986 claim, albeit barely.[1]

A motion to reconsider may not be used as a vehicle to inject new arguments into the underlying motion, or to submit evidence previously available but not properly presented on the underlying motion. *Mays v. United States Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997). Rather, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Gibson v. Mattox*, 511 F. Supp. 2d 1182, 1185 (S.D. Ala. 2007) (internal quotes omitted).

The Court was clearly in error to deny summary judgment based on the defendants' failure to address the Section 1986 claim when they in fact had done so. Therefore, the defendants' motions represent proper applications of the narrow remedy of

---

[1] One set of defendants addressed the claim in a four-line footnote. (Doc. 98 at 34 n.7). The other set of defendants adopted by reference the conspiracy discussion of the first set of defendants, (Doc. 102 at 10), within which section the footnote is found.

reconsideration.

A claim under Section 1986 is derivative of a claim under Section 1985, and if the Section 1985 claim fails, the Section 1986 claim fails along with it. *Farese v. Scherer*, 342 F.3d 1223, 1232 n.12 (11th Cir. 2003). The defendants obtained summary judgment as to the plaintiff's Section 1985 claims through application of the intra-corporate conspiracy doctrine. (Doc. 119 at 19). Because the plaintiff's Section 1985 claims fail, her Section 1986 claim necessarily fails as well.

For the reasons set forth above, the defendants' motions to reconsider are **granted**. The defendants' motions for summary judgment with respect to the plaintiff's Section 1986 claim are **granted**.

DONE and ORDERED this 7th day of July, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE